No. 23-40281

In the United States Court of Appeals
for the Fifth Circuit

# Jane Roe,
*Plaintiff - Appellant*

v.

# Leighton Paige Patterson;
# Southwestern Baptist Theological Seminary,
*Defendants - Appellees*

On appeal from the United States District Court for the
Eastern District of Texas, Plano Division

**PETITION FOR PANEL REHEARING OF DEFENDANT-APPELLEE
SOUTHWESTERN BAPTIST THEOLOGICAL SEMINARY**

*Attorneys for Defendant-Appellee*
*Southwestern Baptist Theological Seminary*

| | |
|---|---|
| **MACDONALD DEVIN MADDEN KENEFICK HARRIS, PC** | **Bryan Rutherford** |
| 12770 Coit Road, Suite 1100 | Texas Bar No. 24025628 |
| Dallas, Texas 75251 | BRutherford@MacdonaldDevin.com |
| 214.744.3300 telephone | **David M. Macdonald** |
| 214.747.0942 facsimile | Texas Bar No. 12755300 |
| | DMacdonald@MacdonaldDevin.com |
| **KELLY HART & HALLMAN** | **Michael D. Anderson** |
| 201 Main Street, Suite 2500 | Texas Bar No. 24031699 |
| Fort Worth, Texas 76102 | Michael.Anderson@KellyHart.com |
| 817.332.2500 telephone | |
| 817.878.9280 facsimile | |

# TABLE OF CONTENTS

Table of Contents ............................................................................................. 2

Table of Authorities ........................................................................................ 3

Summary of Rehearing Petition ...................................................................... 4

Argument and Authorities ............................................................................... 6

    I.     Rehearing standards ........................................................................ 6

    II.    Rehearing is appropriate because the panel's second (post-certification) opinion may have reversed all of Roe's defamation claims as to both Appellees, relief broader than the scope of the questions it certified, which were limited to a single defamation claim against Patterson ............................................................ 6

    III.   Alternatively, rehearing is appropriate because the answers to the certified questions do not raise a genuine issue of material fact as to Roe's defamation claims against SWBTS .............................. 8

Conclusion ..................................................................................................... 10

Certificate of Service ..................................................................................... 11

Certificate of Compliance with Rule 32(a) ................................................... 12

Appendix ....................................................................................................... 13

# TABLE OF AUTHORITIES

**Cases**

*Jenkins v. Tarrant Cnty. Sheriff's Office*,
    No. 22-10244, 2023 WL 5665774 (5th Cir. Sept. 1, 2023) .............................. 6

*Minyard Food Stores, Inc. v. Goodman*,
    80 S.W.3d 573, 578 (Tex. 2002) ..................................................................... 8

*Roe v. Patterson*, 668 F. Supp. 3d 582, 613 (E.D. Tex. 2023),
    aff'd in part, question certified,
    No. 23-40281, 2024 WL 1956148 (5th Cir. May 3, 2024),
    certified question accepted (May 10, 2024), certified question answered,
    No. 24-0368, 2025 WL 492792 (Tex. Feb. 14, 2025)
    and vacated and remanded,
    No. 23-40281, 2025 WL 673436 (5th Cir. Mar. 3, 2025) ............................... 8

*Roe v. Patterson*,
    No. 23-40281, 2024 WL 1956148 (5th Cir. May 3, 2024),
    certified question accepted (May 10, 2024),
    certified question answered,
    No. 24-0368, 2025 WL 492792 (Tex. Feb. 14, 2025) ............................. 4, 6, 8

*Roe v. Patterson*, ___ S.W.3d ___,
    No. 24-0368, 2025 WL 492792, at *2 (Tex. Feb. 14, 2025) .................... 4, 5, 8

*Roe v. Patterson*, No. 23-40281,
    2025 WL 673436, at *1 (5th Cir. Mar. 3, 2025) ................................ 5, 7, 8, 13

**Rules**

FED. R. APP. P. 41(a)(2) .............................................................................................. 6

FED. R. APP. P. 32(a) ................................................................................................ 11

## SUMMARY OF REHEARING PETITION

Plaintiff-Appellant Jane Roe appealed from the district court's grant of summary judgment as to her negligence, gross negligence, and defamation claims against both Defendant-Appellee SWBTS and its former president, Defendant-Appellee Patterson. ROA.2534. In a *per curiam* opinion, the panel stated its intent to "affirm in part and certify in part," noting it agreed with the majority of the district court's analysis. *Roe v. Patterson*, No. 23-40281, 2024 WL 1956148, at *1 (5th Cir. May 3, 2024), certified question accepted (May 10, 2024), certified question answered, No. 24-0368, 2025 WL 492792 (Tex. Feb. 14, 2025). SWBTS seeks rehearing to clarify the panel affirmed summary judgment as to all claims against SWBTS.

This Court certified to the Supreme Court of Texas two questions that related to "Patterson's potential liability for" an allegedly defamatory statement made in a letter from a donor to SWBTS's Board of Trustees (the "donor letter") encouraging SWBTS to rehire Patterson. *Id.* at *2. The panel's opinion did not explicitly state it had affirmed summary judgment as to each of Roe's claims against SWBTS, yet none of those claims were part of the certified questions.

The Supreme Court of Texas issued an opinion in which it noted "the Fifth Circuit held that the summary judgment evidence created a fact issue as to whether [Scott] Colter had acted as Patterson's agent," and answered the two certified

questions. *Roe v. Patterson*, ___ S.W.3d ___, No. 24-0368, 2025 WL 492792, at *2 (Tex. Feb. 14, 2025). Following the answers to the certified questions, the panel issued its recent opinion "vacat[ing] the judgment of the district court with respect to Roe's defamation claim, and remand[ing] for further proceedings." *Roe v. Patterson*, No. 23-40281, 2025 WL 673436, at *1 (5th Cir. Mar. 3, 2025). The language contained in the panel's second opinion does not appear to be limited to reversing and remanding the single defamation claim against Patterson with respect to the donor letter, which was the sole claim at issue in the certified questions proceeding.

Instead, the panel's second opinion appears to vacate summary judgment as to all of Roe's defamation claims against both Patterson and SWBTS, including those that were not part of the certified question proceeding. SWBTS respectfully submits this was an unintentional error under the facts of this case and asks this Court to withdraw such opinion and state that the Court affirms summary judgment as to all of Roe's claims against SWBTS. Alternatively, the answers to the certified questions do not raise a genuine issue of material fact with respect to Roe's defamation claim against SWBTS and rehearing is appropriate.

## ARGUMENT AND AUTHORITIES

**I.     Rehearing standards**

This Court has authority to consider a petition for panel rehearing with respect to a point of law or fact the Court has overlooked or misapprehended. FED. R. APP. P. 41(a)(2); *see also Jenkins v. Tarrant Cnty. Sheriff's Office*, No. 22-10244, 2023 WL 5665774, at *1 (5th Cir. Sept. 1, 2023) (withdrawing original opinion and addressing overlooked issue).

**II.    Rehearing is appropriate because the panel's second (post-certification) opinion may have reversed all of Roe's defamation claims as to both Appellees, relief broader than the scope of the questions it certified, which were limited to a single defamation claim against Patterson**

Roe appealed from two summary judgment opinions issued by the district court. ROA.2534. The first summary judgment opinion addressed Roe's negligence and gross negligence claims against both Patterson and SWBTS. ROA.2404-24443. The second summary judgment opinion addressed Roe's defamation claims against both Patterson and SWBTS. ROA.2478-2540. Roe appealed such summary judgment rulings to this Court. ROA.2534.

This Court's panel considered briefing and oral argument and issued an opinion holding it agreed "with the district court's analysis and do not feel the need to address most of Roe's challenges." *Roe*, 2024 WL 1956148 at *1. On this basis, the panel stated that it affirmed in part and certified in part. *Id.* The panel's opinion

was limited to discussion of two of Roe's defamation claims against Patterson, one based on a press release from Patterson's lawyer and one based on the Loveless donor letter to SWBTS. The panel certified two questions to the Supreme Court of Texas, which were limited to Patterson's potential liability for alleged defamatory statements made in the donor letter. *Id.* at *2. Accordingly, the panel's first opinion necessarily affirmed summary judgment as to Roe's negligence and gross negligence claims against both Patterson and SWBTS, as well as affirming summary judgment as to all of Roe's defamation claims against SWBTS and all but one of her defamation claims against Patterson.

In its second opinion, issued after receipt of the certified answers, the panel once again focused solely on Roe's allegation of defamatory statements in the donor letter. *Roe*, 2025 WL 673436, at *1. Nevertheless, in its decree, the panel "vacate[d] the judgment of the district court with respect to Roe's defamation claim, and remand[ed] for further proceedings consistent with this opinion." *Id.* SWBTS respectfully submits that such ruling misapprehends the facts and ruling of its first opinion and unintentionally vacates the summary judgment in favor of SWBTS as to all Roe's claims. Accordingly, SWBTS asks the panel to rehear this discrete issue, withdraw its second opinion in this appeal, and issue a new opinion affirming summary judgment as to all of Roe's claims against SWBTS.

III. **Alternatively, rehearing is appropriate because the answers to the certified questions do not raise a genuine issue of material fact as to Roe's defamation claims against SWBTS**

The questions the panel certified to the Supreme Court of Texas were based on alleged defamatory statements contained in the June 29, 2028, letter from donor Gary Loveless–who was not employed by SWBTS–to SWBTS's Board of Trustees. *Roe*, 2024 WL 1956148, at *3. The purpose of the donor letter was to attempt to persuade the SWBTS Board of Trustees to reverse the decision it made the previous month to terminate Patterson's employment. ROA.1493, ¶116; ROA.7000.

With respect to SWBTS, Roe failed to raise any genuine issue of material fact regarding her claim that any employee or agent of SWBTS was acting within the course and scope of employment with SWBTS while making an alleged defamatory statement, and that such alleged statement furthered SWBTS's business, the required legal standards. *Roe v. Patterson*, 668 F. Supp. 3d 582, 613 (E.D. Tex. 2023), aff'd in part, question certified, No. 23-40281, 2024 WL 1956148 (5th Cir. May 3, 2024), certified question accepted (May 10, 2024), certified question answered, No. 24-0368, 2025 WL 492792 (Tex. Feb. 14, 2025) and vacated and remanded, No. 23-40281, 2025 WL 673436 (5th Cir. Mar. 3, 2025) (citing *Minyard Food Stores, Inc. v. Goodman*, 80 S.W.3d 573, 578 (Tex. 2002). Nor did she raise a genuine issue of material fact

with respect to any damages allegedly caused by an alleged defamatory statement for which SWBTS could be liable.

This analysis specifically applies to Scott Colter, who was Patterson's Chief of Staff during Patterson's employment with SWBTS. ROA.8960-8961. After Patterson's termination, Colter remained a SWBTS employee for the limited purpose of providing assistance to the new incoming Interim President, who did not intend to have a Chief of Staff. ROA.9196. Such role did not include the scope of the donor letter, which was to criticize SWBTS for terminating Patterson, a scope in direct opposition to SWBTS's interests. On this point, the district court held, "any involvement of Colter, Finch, Dean Nichols, and John Nichols in connection with the Loveless Letter was decidedly outside the scope of their employment with SWBTS." Roe, 2023 WL 2787956, at *20. Following Patterson's termination by SWBTS, Colter continued to work for Patterson and/or Patterson's foundations and businesses. ROA.8955, ROA.9209-9212.

Below, Roe failed to present any evidence that Colter (or any other SWBTS employee) was acting as an agent of SWBTS in relation to the donor letter, which specifically sought to undo SWBTS's termination of Patterson. Before this Court, she did not raise any issue arguing Colter acted as an agent of SWBTS in connection with the donor letter. This is likely because there is no reasonable argument that it was

within any SWBTS employee's scope of employment to oppose SWBTS's interests by criticizing Patterson's termination.

For these reasons, SWBTS respectfully submits that the panel's second opinion misapprehends the facts of this case to the extent it vacates the summary judgment in favor of SWBTS as to all Roe's defamation claims. Accordingly, SWBTS asks the panel to rehear this discrete issue, withdraw its second opinion in this appeal, and issue a new opinion affirming summary judgment as to all of Roe's claims against SWBTS.

## Conclusion

For the foregoing reasons, Defendant-Appellee Southwestern Baptist Theological Seminary respectfully requests that the panel rehear the discrete issues identified above, withdraw its second opinion in this appeal, issue a new opinion affirming summary judgment as to all of Roe's claims against SWBTS, and grant SWBTS general relief.

Respectfully submitted,

  /s/ Bryan Rutherford
**Bryan Rutherford**
Texas Bar No. 24025628
BRutherford@MacdonaldDevin.com
**David M. Macdonald**
Texas Bar No. 12755300
DMacdonald@MacdonaldDevin.com
**MACDONALD DEVIN MADDEN**
   **KENEFICK HARRIS, PC**
12770 Coit Road, Suite 1100
Dallas, Texas 75251
214.744.3300 telephone
214.747.0942 facsimile

**Michael D. Anderson**
Texas Bar No. 24031699
Michael.Anderson@KellyHart.com
**KELLY HART & HALLMAN**
201 Main Street, Suite 2500
Fort Worth, Texas 76102
817.332.2500 telephone
817.878.9280 facsimile

*Attorneys of Record for Defendant-Appellee*
*Southwestern Baptist Theological Seminary*

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Appellate Procedure, I certify that a true and correct copy of the foregoing *Brief of Defendant-Appellee's* was served on counsel for all parties of record via email and electronic service on March 26, 2025.

  /s/ Bryan Rutherford
**Bryan Rutherford**
*Attorney of Record for Defendant-Appellee*
*Southwestern Baptist Theological Seminary*

# CERTIFICATE OF COMPLIANCE WITH RULE 32(A)

1. This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B)(i) because this brief contains 1,482 words, excluding the parts of the brief exempted by Rule 32(f).

2. This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Rule 32(a)(6) because this brief has been prepared in Microsoft Office Word 365 using proportionally-spaced typeface Goudy Old Style, and in 12-point in any footnotes.

Dated: March 26, 2025.

      /s/ Bryan Rutherford
**Bryan Rutherford**
*Attorney of Record for Defendant-Appellee*
*Southwestern Baptist Theological Seminary*

# APPENDIX

Pursuant to Fifth Circuit Rule 40.1.1, attached is an unmarked copy of the opinion sought to be reviewed, *Roe v. Patterson*, No. 23-40281, 2025 WL 673436 (5th Cir. Mar. 3, 2025)

United States Court of Appeals
for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
March 3, 2025
Lyle W. Cayce
Clerk

No. 23-40281

_____

Jane Roe,

            *Plaintiff—Appellant*,

versus

Leighton Paige Patterson; Southwestern Baptist Theological Seminary,

            *Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:19-CV-179

_____

Before King, Ho, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Jane Roe alleges that she was sexually assaulted by a fellow student at Southwestern Baptist Seminary. She sued the Seminary and its president Leighton Patterson for, among other things, defamation. She alleged, for example, that Patterson supplied defamatory statements that were used in a

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-40281

letter to the Seminary's Board of Trustees. *See* 2024 WL 1956148, *1 (5th Cir. May 3, 2024).

We certified two questions to the Supreme Court of Texas: "1. Can a person who supplies defamatory material to another for publication be liable for defamation?   2. If so, can a defamation plaintiff survive summary judgment by presenting evidence that a defendant was involved in preparing a defamatory publication, without identifying any specific statements made by the defendant?" *Id.* at *2.

The Supreme Court of Texas answered "yes" to both certified questions. *See Roe v. Patterson*, _ S.W. 3d _, _ (Tex. 2025).

Accordingly, we vacate the judgment of the district court with respect to Roe's defamation claim, and remand for further proceedings consistent with this opinion.