No. 23-40281
_____

In the United States Court of Appeals
for the Fifth Circuit
_____

Jane Roe,
        *Plaintiff-Appellant,*

v.

Leighton Paige Patterson and
Southwestern Baptist Theological Seminary,
        *Defendants-Appellees.*

_____

On appeal from the United States District Court for the
Eastern District of Texas, Plano Division
_____

Petition for Panel Rehearing of Leighton Paige Patterson
_____

**Travis J. Jones**
  Texas Bar No. 24101979
**James W. Grau**
  Texas Bar No. 08306350
**Grau Law Group, PLLC**
500 N. Akard St., Suite 1925
Dallas, Texas 75201
Telephone: (214) 521-4145
Facsimile: (214) 521-4320

*Attorneys for Appellee
Leighton Paige Patterson*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ ii

PRELIMINARY STATEMENT ............................................................................. 1

ARGUMENT AND AUTHORITIES ....................................................................... 2

I. This Court can affirm summary judgment because Roe failed to adduce any evidence that Colter was the "source" of any defamatory statement. ........................................................................................................ 2

II. The existence of an agency relationship lacks both essential elements: the principal conferring authority and possessing the right of control. ... 4

    A. The Court's decision lacks any evidence that Patterson's conduct created an agency relationship. ................................ 4

    B. Colter, a SWBTS employee, was not subject to Patterson's control ........................................................................................ 8

III. The District Court's opinion should not be vacated in its entirety regarding Roe's defamation claim. ............................................................ 9

CONCLUSION ................................................................................................. 12

CERTIFICATE OF SERVICE ............................................................................ 13

CERTIFICATE OF COMPLIANCE .................................................................... 13

APPENDIX ..................................................................................................... 14

# TABLE OF AUTHORITIES

**Cases**

*Carnell v. Kinser*,
   196 S.W.2d 941 (Tex. App.—Amarillo 1946, writ ref'd) ...................................5

*Cmty. Health Sys. Prof'l Services Corp. v. Hansen*,
   525 S.W.3d 671 (Tex. 2017) ...............................................................................7

*Coleman v. Klockner & Co. AG*,
   180 S.W.3d 577 (Tex. App.—Houston [14th Dist.] 2005, no pet.) ......................8

*Exxon Mobil Corp. v. Rincones*,
   520 S.W.3d 572 (Tex. 2017); ...............................................................................8

*Gaines v. Kelly*,
   235 S.W.3d 179 (Tex. 2007) ............................................................................5, 6

*Happy Indus. Corp. v. Am. Specialties, Inc.*,
   983 S.W.2d 844 (Tex. App.—Corpus Christi–Edinburg 1998,
   pet. dism'd w.o.j.) .................................................................................................8

*Hester Int'l Corp. v. Fed. Republic of Nig.*,
   879 F.2d 170 (5th Cir.1989) .................................................................................5

*IRA Res., Inc. v. Griego*,
   221 S.W.3d 592 (Tex. 2007) .................................................................................7

*Leutwyler v. Dimmit Cnty. Welding, Inc.*,
   No. 04-94-00513-CV, 1996 WL 10089, at *3 (Tex. App.—San Antonio
   Jan. 10, 1996, writ denied) (not designated for publication) ...............................5

*Ramirez v. Consol. HGM Corp.*,
   124 S.W.3d 914 (Tex. App.—Amarillo 2004, no pet.) .........................................5

*Sauls v. Munir Bata, LLC*,
   No. 02-14-00208-CV, 2015 WL 3905671 (Tex. App.—Fort Worth
   June 11, 2015, no pet.) .........................................................................................6

*State Farm Mut. Auto. Ins. Co. v. Traver*,
   980 S.W.2d 625 (Tex. 1998) .................................................................................8

**Other Authorities**

Restatement (Third) Of Agency § 1.01 cmt. f (2006)................................................8

# PRELIMINARY STATEMENT

Pursuant to Federal Rule of Appellate Procedure 40 and Fifth Circuit Rule 40, Leighton Paige Patterson respectfully petitions for panel rehearing of the Court's March 3, 2025, judgment in this appeal. That decision vacated the district court's judgment with respect to Roe's defamation claim. Rehearing is warranted because the Texas Supreme Court, in answering this Court's certified questions, affirmed that the District Court applied the correct standard on defamation liability, and because the record contains no evidence on essential elements of agency. In the alternative, if summary judgment is not affirmed, Patterson seeks rehearing on the scope of the Court's vacatur of the district court's ruling.

## ARGUMENT AND AUTHORITIES

I. **This Court can affirm summary judgment because Roe failed to adduce any evidence that Colter was the "source" of any defamatory statement.**

Roe argued that Patterson could be held liable for defamation due to Colter's general, nonspecific "involvement" with the Loveless Letter. But the Texas Supreme Court has now clarified that vague evidence of "involvement" is insufficient without some evidence that the defendant (or, as here, the defendant's purported agent) was actually the *source* of the allegedly defamatory material. The panel, in vacating the District Court's judgment on Roe's defamation claim, overlooked that the Texas Supreme Court endorsed the legal standard applied by the District Court. Because Roe has no such evidence – an issue that was fully litigated in the District Court – this Court should affirm the District Court's judgment in full.

This Court certified questions to the Texas Supreme Court in part because it believed Texas law was unclear about whether evidence of a defendant's alleged involvement in drafting a defamatory communication is sufficient to hold the defendant responsible for the ultimate publication, in the absence of evidence that the defendant actually supplied the allegedly defamatory content. But as this Court also observed:

> In Roe's briefing on appeal, she argues that Patterson, through Colter, is responsible for the defamatory statements in the letter. But *she does not argue that Colter actually made those statements*, either by writing them directly in the letter or by giving them to the drafters.

> … [Roe] does not identify the speaker [Colter] as having made the statement. *Nor does her evidence identify any statements by Colter or show that he provided language for the letter* ….

*Roe v. Patterson*, No. 23-40281, 2024 WL 1956148 at *3 (5th Cir. May 3, 2024) (emphases added).

In answering this Court's certified questions, the Texas Supreme Court held that although a defamation plaintiff "need not adduce evidence of the *specifics* of an underlying communication" between the defendant and the publisher of the alleged defamatory material, the plaintiff still "must show that the defendant *was the source* of the statement." *Roe v. Patterson*, --- S.W.3d ---, 2025 WL 492792 at *5 (Tex. Feb. 14, 2025) (emphases added). This cannot be shown through "mere speculation or surmise." *Id*.

In granting summary judgment, the District Court – applying a standard that has now been confirmed by the Texas Supreme Court – made clear that summary judgment was appropriate because "Roe does not argue, and nothing in the record supports, that Colter had anything to do specifically with creating the contested portion of the Loveless Letter that Roe objects to as defamatory." *Roe v. Patterson*, 668 F.Supp.3d 582, 608 n.17 (E.D. Tex. 2023).

Whether Colter provided any of the allegedly defamatory material to the authors of the Loveless Letter was fully litigated in the District Court and provided a basis for that court's grant of summary judgment. *Id*. ("Roe's theory of liability

against Patterson, premised on Colter's vague and ambiguous involvement in the Loveless Letter, would necessarily entail a breathtaking expansion of the tort of defamation.").

In light of the Texas Supreme Court's decision, the District Court's summary judgment should be affirmed.

II. **The existence of an agency relationship lacks both essential elements: the principal conferring authority and possessing the right of control.**

Patterson respectfully moves for rehearing on the existence of an agency relationship with Colter and requests the Court affirm the District Court's judgment that Roe failed to raise a genuine issue of material fact on agency.

The Panel's opinion misapprehends Texas law in finding a fact issue on agency based on statements and conduct of the alleged agent, Colter, and conduct after the relevant period. The opinion also fails to apprehend or acknowledge the requirement that a principal must have the right to control the agent's activities; the record contains no evidence of this crucial requirement.

**A. The Court's decision lacks any evidence that Patterson's conduct created an agency relationship.**

The Court's initial opinion stated that the record "contain[s] evidence that Colter undertook this involvement [with the Loveless Letter] as an agent of Patterson." 2024 WL 1956148 at *2. However, the evidence cited by the Court is

insufficient to raise a genuine issue of material fact to the existence of an agency relationship.

A finding of agency must be based on the conduct of the purported principal, Patterson. *See Gaines v. Kelly*, 235 S.W.3d 179, 182 (Tex. 2007) ("An agent's authority to act on behalf of a principal depends on some communication ***by the principal*** either to the agent (actual or express authority) or to the third party (apparent or implied authority) . . . Declarations of the alleged agent, without more, are incompetent to establish either the existence of the alleged agency or the scope of the alleged agent's authority.") (emphasis added) (citing *Hester Int'l Corp. v. Fed. Republic of Nig.,* 879 F.2d 170, 181 (5th Cir.1989)). Agency must be determined at the time of the alleged acts in question. *See Ramirez v. Consol. HGM Corp.*, 124 S.W.3d 914, 921 (Tex. App.—Amarillo 2004, no pet.); *Leutwyler v. Dimmit Cnty. Welding, Inc.*, No. 04-94-00513-CV, 1996 WL 10089, at *3 (Tex. App.—San Antonio Jan. 10, 1996, writ denied) (not designated for publication); *Carnell v. Kinser*, 196 S.W.2d 941, 943 (Tex. App.—Amarillo 1946, writ ref'd).

The Court refers to Colter as Patterson's "Chief of Staff." 2024 WL 1956148 at *2. However, at the time of the Loveless Letter, Colter was no longer Patterson's Chief of Staff, because Patterson's employment had been terminated by the Seminary. ROA.1492, 6282. Colter remained employed by SWBTS and testified the Seminary "tasked [him] with helping Patterson transition" out of his role at the

Seminary. ROA.9195-9196. Colter's testimony regarding his role is not evidence of an agency relationship. *Sauls v. Munir Bata, LLC*, No. 02-14-00208-CV, 2015 WL 3905671 (Tex. App.—Fort Worth June 11, 2015, no pet.) (president of company's representation that he was the agent/general contractor for the property owner(s) did not create a genuine issue of fact on agency). The record contains no evidence that Patterson conferred any authority to Colter.

The Court identifies four additional pieces of record evidence in support of the agency theory. However, whether considered individually or collectively this evidence fails to establish a genuine issue of material fact.

The Court references Colter's "involvement" while the Loveless Letter was being drafted. 2024 WL 1956148 at *2. Whatever the nature of Colter's vague "involvement," the record contains no evidence that Patterson, the alleged principal, created an agency relationship through his own conduct. *Gaines*, 235 S.W.3d at 182.

The Court also states that Colter "helped route the letter to Patterson's lawyer for approval prior to its distribution." 2024 WL 1956148 at *2. But the evidence establishes only that one of the letter's authors *asked* Colter to send the letter to the lawyer; Colter himself testified, without contradiction, that he did not do so. ROA.6401, 8255, 8274-8282. The record is absent of any evidence Patterson gave Colter authority to send the letter to his lawyer.

The Court further states that Colter "communicated Patterson's appreciation of the letter" after it was written. 2024 WL 1956148 at *2. As support, the Court cites a Colter email to one of the letter's authors, stating that Patterson "was over the moon once he read the letter." ROA.8306. This after-the-fact statement by Colter does not support the existence of agency at a prior time. The email itself also is no evidence that Patterson gave Colter authority to speak for him.

Finally, the Court notes that "Patterson and his wife also directly expressed these sentiments to the letter drafters themselves." 2024 WL 1956148 at *2. But the sentiments expressed were simply the Pattersons' personal thank you for support, not affirmation that Patterson had given Colter the authority to speak for him during the Letter's drafting. And, as stated above, agency must be determined when the alleged acts occurred, not in emails dated *after* the Loveless Letter was published and *after* the alleged acts in question.

Roe had the burden of raising a fact issue on agency, and has failed to carry it. [1] The record contains no evidence that, at the time Colter communicated with the letter's authors, Patterson had granted Colter any authority, including authority to make communications on his behalf. Patterson testified, without contradiction, that he did not authorize Colter to make public statements on his behalf, nor did he

---

[1] *Cmty. Health Sys. Prof'l Services Corp. v. Hansen*, 525 S.W.3d 671, 697 (Tex. 2017) (citing *IRA Res., Inc. v. Griego*, 221 S.W.3d 592, 597 (Tex. 2007)).

represent to others that Colter could speak on his behalf.[2] Roe failed to raise a fact issue on agency.

### B. Colter, a SWBTS employee, was not subject to Patterson's control.

An agency relationship requires that the principal have "the right to control the agent with respect to the details of the [allegedly tortious conduct]."[3] A "principal's right of control presupposes that the principal retains the capacity throughout the relationship to assess the agent's performance, provide instructions to the agent, and terminate the agency relationship by revoking the agent's authority."[4] Without such authority and right of control, an agency relationship cannot exist.[5]

As cited above, Colter was not Patterson's Chief of Staff in June 2018 when the Loveless Letter was drafted. ROA.1492, 6282. After SWBTS terminated Patterson's employment on May 30, 2018, Colter remained an employee of SWBTS, *see* ROA.9195-9196, and was not directly employed by Patterson. ROA.6283. SWBTS "tasked [Colter] with helping Patterson transition" from his role as Seminary President. There is no evidence that Colter was under Patterson's control.

---

[2] ROA.6283.
[3] *State Farm Mut. Auto. Ins. Co. v. Traver*, 980 S.W.2d 625, 627 (Tex. 1998); *Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 589 (Tex. 2017); *Coleman v. Klockner & Co. AG*, 180 S.W.3d 577, 588 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (citing *Happy Indus. Corp. v. Am. Specialties, Inc.*, 983 S.W.2d 844, 852 (Tex. App.—Corpus Christi–Edinburg 1998, pet. dism'd w.o.j.)) ("Absent proof of the right to control the means and details of the work performed, only an independent contractor relationship is established.").
[4] *Rincones*, 520 S.W.3d at 590 (quoting Restatement (Third) Of Agency § 1.01 cmt. f (2006)) (internal quotation marks omitted).
[5] *See id*.

SWBTS, as Colter's employer, solely possessed control over Colter that is critical for an agency relationship, such as the ability to assess Colter's performance and the right to terminate his working relationship with Patterson. SWBTS also crafted the scope of Colter's limited role assisting in Patterson's transition and had the ultimate authority to instruct Colter on what acts could and could not be performed. Control – an essential element of agency – could be exercised only by Colter's employer SWBTS, not Patterson.

### III. The District Court's opinion should not be vacated in its entirety regarding Roe's defamation claim.

If this Court finds that remand is necessary, the scope of such remand should be limited. In its initial opinion, this Court stated that "[w]e primarily agree with the district court's analysis" and thus stated that "[w]e now *affirm* in part and certify in part." 2024 WL 1956148 at *1 (emphases added). However, after receiving the response from the Texas Supreme Court on the certified questions, this Court stated, "we *vacate* the judgment of the district court *with respect to Roe's defamation claim*, and remand for further proceedings consistent with this opinion." *Roe v. Patterson*, No. 23-40281, 2025 WL 673436, at *1 (5th Cir. Mar. 3, 2025) (emphases added). This statement could indicate that the panel overlooked the fact that it had earlier *affirmed* summary judgment on most aspects of Roe's defamation claim.

For example, this Court addressed Roe's defamation claim regarding a press release issued by Patterson's lawyer,[6] concluding that "Roe fails to prove damages resulting from this statement" and that "the district court was correct to grant summary judgment for Patterson and the Seminary." 2024 WL 1956148 at *1. This aspect of the District Court's judgment on Roe's defamation claim should not be vacated.

Further, this Court, in stating that it "do[es] not feel the need to address most of Roe's challenges," affirmed the District Court's judgment on Roe's other defamation claims unrelated to the Loveless Letter:

- Roe asserted a defamation claim against Patterson based on a blog post by third parties, referred to as "The Untold Truth" statement. The District Court granted summary judgment on this claim. 668 F.Supp.3d at 603 ("the Court concludes that nothing in this article is defamatory").

- Roe asserted a defamation claim against Patterson based on statements Patterson allegedly made to Seminary professor Patricia Ennis. The District Court granted Patterson's summary judgment motion regarding these alleged statements. *Id*. at 600-601 (Roe's

---

[6] The District Court referred to this as the "Release of Facts." 668 F.Supp.3d at 604.

allegation "does not give rise to an actionable defamation claim against Patterson").

- Roe asserted a defamation claim against Patterson based on statements that either Patterson himself or his lawyer allegedly made at a May 22, 2018, meeting. The District Court granted Patterson's summary judgment regarding these alleged statements. *Id*. at 601-02 ("Regardless of who made the allegedly defamatory statements in connection with the May 22, 2018, meeting, the Court concludes that there is no evidence that would allow a factfinder to conclude that either Patterson or Sharpe made any defamatory statements about Roe in connection with that meeting.").

The District Court's judgment with respect to all these defamation claims should not be vacated.

Patterson therefore respectfully moves in the alternative for rehearing on this aspect of the Court's March 3, 2025 *per curiam* opinion and requests that the Court clarify its language to state that the District Court's judgment is vacated only with respect to Roe's defamation claim based on Colter's alleged involvement with the "Loveless Letter," and that the judgment is affirmed with regard to Roe's other defamation claims against Patterson.

## CONCLUSION

For the foregoing reasons, the Court should grant this Petition for Rehearing and affirm the district court's summary judgment on Roe's defamation claims or, in the alternative, provide clarification that the Court's judgment vacates the district court's summary judgment only with respect to agency liability based on the Loveless Letter.

Respectfully submitted,

GRAU LAW GROUP, PLLC


 /s/ Travis J. Jones
TRAVIS J. JONES
Texas Bar No.: 24101979
*tjones@graulawgroup.com*

JAMES W. GRAU
Texas Bar No.: 08306350
*jgrau@graulawgroup.com*

500 N. Akard St., Suite 1925
Dallas, Texas 75201
(214) 521-4145 Telephone
(214) 521-4320 Facsimile

ATTORNEYS FOR APPELLEE
LEIGHTON PAIGE PATTERSON

## Certificate of Service

In accordance with the Federal Rules of Appellate Procedure, I certify that a true and correct copy of the foregoing *Petition for Panel Rehearing of Leighton Paige Patterson* was served on counsel for all parties of record via email on March 25, 2025.

    */s/ Travis J. Jones*
    Travis J. Jones

## Certificate of Compliance

This document complies with the word limit of Fed. R. App. P. 40(d)(3) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 2464 words. This brief also complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Rule 32(a)(6).

Dated: March 25, 2025

    */s/ Travis J. Jones*
    Travis J. Jones

# APPENDIX

This Petition for Panel Rehearing seeks review of the Court's May 3, 2024 Opinion and March 3, 2025 Opinion and judgment. Consistent with Federal Rule of Appellate Procedure 40, and in accordance with Fifth Circuit Rule 40.1.1, attached is an unmarked copy of the following opinion/judgment sought to be reviewed:

*Roe v. Patterson*, No. 23-40281, 2025 WL 673436, at *1 (5th Cir. Mar. 3, 2025)

# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
March 3, 2025
Lyle W. Cayce
Clerk

No. 23-40281

_____

Jane Roe,

*Plaintiff—Appellant*,

versus

Leighton Paige Patterson; Southwestern Baptist Theological Seminary,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:19-CV-179

_____

Before King, Ho, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Jane Roe alleges that she was sexually assaulted by a fellow student at Southwestern Baptist Seminary. She sued the Seminary and its president Leighton Patterson for, among other things, defamation. She alleged, for example, that Patterson supplied defamatory statements that were used in a

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-40281

letter to the Seminary's Board of Trustees. *See* 2024 WL 1956148, *1 (5th Cir. May 3, 2024).

We certified two questions to the Supreme Court of Texas: "1. Can a person who supplies defamatory material to another for publication be liable for defamation?  2. If so, can a defamation plaintiff survive summary judgment by presenting evidence that a defendant was involved in preparing a defamatory publication, without identifying any specific statements made by the defendant?" *Id.* at *2.

The Supreme Court of Texas answered "yes" to both certified questions. *See Roe v. Patterson*, _ S.W. 3d _, _ (Tex. 2025).

Accordingly, we vacate the judgment of the district court with respect to Roe's defamation claim, and remand for further proceedings consistent with this opinion.